IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FRANCISCO RAUL ORTEGA**                                                              **PETITIONER**

V.                             NO. 4:24-CV-00043-LPR-ERE

**DEXTER PAYNE,**
**Director, Arkansas Division Correction**                                  **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Objections, if filed, should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

## I.   INTRODUCTION

Petitioner Francisco Raul Ortega, an inmate at the Ouachita River Unit of the Arkansas Division of Correction ("ADC"), has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 2.* For reasons that follow, I recommend that the petition be denied and the case dismissed with prejudice as time-barred.

## II. BACKGROUND

On October 13, 2022, the State charged Mr. Ortega with one count of first-degree domestic battery, in violation of Ark. Code. Ann. § 5-26-303(a)(5)(B), and one count of third-degree assault on a family member, in violation of Ark. Code Ann. 5-26-309(b), based on conduct that occurred on September 8, 2022. *Doc. 2 at 33-34*. On November 4, 2022, Mr. Ortega pleaded guilty as charged, and the trial court sentenced him to 60 months in prison and 180 months' suspended imposition of sentence. *Doc. 8-1*. Because Mr. Ortega entered an unconditional guilty plea, a direct appeal from the judgment, entered November 22, 2022, was unavailable.[1]

On April 21, 2023, Mr. Ortega filed a petition to correct his sentence, pursuant to Ark. Code Ann. § 16-90-111. *Doc. 8-5*. The trial court denied the motion on May 3, 2023. *Doc. 8-7*. Mr. Ortega did not appeal that decision, and he did not pursue postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

---

[1] In Arkansas, there is no right to appeal from an unconditional guilty plea, but a criminal defendant may appeal from a conditional plea based on the denial of a suppression motion. *Hewitt v. State*, 362 Ark. 369, 370–71 (2005); Ark. R. App. P. Crim. 1(a) ("Except as provided by [Ark. R. Cr. P. 24.3(b) for conditional guilty pleas,] there shall be no appeal from a plea of guilty or nolo contendere."). The Arkansas Supreme Court has identified two exceptions: "(1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *Hewitt,* 362 Ark. at 371 (citations omitted).

On January 7, 2024, Mr. Ortega filed the § 2254 habeas petition before the Court (*Doc. 2*),[2] asserting the following grounds for relief: (1) his conviction for first-degree battery is based on an inaccurate reading of his criminal history (*Id. at 3*); (2) his trial attorney employed "coercive force" to have him agree to a "bogus plea deal" and failed to tell him that he would not be eligible for parole (*Id. at 9-10*); and (3) he is actually innocent. *Id*.

When Mr. Ortega pleaded guilty on November 4, 2022, Ark. Code § 5-26-303(a)(5)(B) provided that a person commits battering in the first degree if the person: (1) commits any act of second- or third-degree domestic battering as defined under Ark. Code Ann. §§ 5-25-304 or 5-26-305; and (2) "[f]or conduct that occurred within the ten (10) years preceding the commission of the current offense, the person has on two (2) previous occasions been convicted of any act of battery against a family or household member." The State must prove, during the guilt phase, that the accused had two prior battery convictions for conduct that occurred within the ten

---

[2] The Clerk of Court received Mr. Ortega's petition, signed January 7, 2024, in the mail and entered it on the docket on January 18, 2024. Giving Mr. Ortega the benefit of the "prison mailbox rule," the Court deems his petition filed on January 7, 2024, the earliest possible date after Mr. Ortega signed the petition that he placed it in the prison mail system. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (stating that for purposes of § 2244(d)(1), a *pro se* prisoner's habeas petition is filed on the date it is delivered to prison authorities for mailing); see also Rule 3(d) Rules Governing § 2254 Cases in the United States District Courts.

years preceding the charged offense. *Ray v. State*, 678 S.W.3d 882, 893, 2023 Ark. App. 515, 14 (2023).

Mr. Ortega alleges that the State mischarged him with first-degree battery based on 2 prior convictions: a 2013 conviction for third-degree battery and a 2015 conviction for first-degree domestic battery. He provides documents showing that: (1) on January 14, 2013, he pleaded guilty to committing third-degree domestic battery against his wife on September 2, 2012 (*Doc. 2 at 21-16*); and (2) on October 21, 2015, he pleaded guilty to committing first-degree domestic battery against his wife on May 16, 2015. *Id at 28-31*. Mr. Ortega notes that the September 2, 2012 conduct giving rise to his 2013 for third-degree battery occurred 10 years and 6 days before the September 8, 2022 offense date associated with his 2022 conviction for first-degree battery.

Mr. Ortega alleges that his trial attorney misinformed him about the law and pressured him to accept a "bogus" plea deal, which he would have never accepted if he had "been able to read the wording of the actual law." *Id. at 10*.

On February 12, 2024, Respondent filed a response (*Doc. 8*), asserting that the petition should be dismissed on the following grounds: (1) the petition is time-barred under 28 U.S.C. 2244(d)(1) (*Id. at 3-7*); (2) Mr. Ortega's claim of ineffective assistance of counsel is procedurally defaulted (*Id. at 7-9*); and (3) Mr. Ortega waived any non-jurisdictional defects by pleading guilty (*Id. at 9-11*).

On September 2, 2022, Mr. Ortega filed a reply responding to Respondent's arguments in support of dismissal. *Doc. 10.*

For reasons that follow, Mr. Ortega's petition is barred by the applicable one-year statute of limitations, and the Court therefore recommends dismissal with prejudice.[3]

### III.   DISCUSSION

#### A.   Mr. Ortega Filed His Federal Habeas Petition After the One-Year Limitations Period Expired.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for a state prisoner's federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of four alternative dates, and the triggering date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under § 2244(d)(1)(A).

The trial court entered judgment on November 22, 2022. *Doc. 8-1.* Because Mr. Ortega entered an unconditional guilty plea and did not file a direct appeal, the judgment became final thirty days later, on December 22, 2022. *Camacho v. Hobbs*,

---

[3] Because all of Mr. Ortega's claims are time-barred, the Court does not address Respondent's additional arguments for dismissal.

774 F.3d 931, 935 (8th Cir. 2015) (holding that for Arkansas defendants who enter unconditional guilty pleas, the judgment is deemed final thirty days from entry of the judgment); see also Ark. R. App. P. Crim. 2(a)(1) (providing that notice of appeal must be filed within thirty days from entry of a judgment or uniform sentencing order). Accordingly, absent statutory or equitable tolling, Mr. Ortega had until December 22, 2023 to file a federal habeas petition, and the petition before the Court, deemed filed on January 7, 2024,[4] is time-barred.

### B. Mr. Ortega Is Not Entitled to Statutory Tolling.

The AEDPA's limitation period is tolled "[t]he time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). Mr. Ortega did not file a petition for postconviction relief under rule 37, and his petition to correct an illegal sentence filed on April 21, 2023 does not qualify as a properly filed application for postconviction review.

Mr. Ortega's post-conviction attack on the judgment and sentence entered November 22, 2022 was subject to the mandatory, 90-day filing deadline for Rule 37 petitions, which expired on February 21, 2023. Ark. R. Civ. P. 37.2(c)(1) ("If a conviction was obtained on a plea of guilty . . . a petition . . . must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment.").

---

[4] See *supra*, footnote 2.

Although the trial court declined to hold Mr. Ortega to that deadline and entered an order denying his petition on the merits, the petition was not properly filed as required under § 2244(d)(2). See *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that to be "properly filed" under § 2244(d)(2), an application for post-conviction review must be filed within applicable time limits); *Lewis v. Norris*, 454 F.3d 778, 780 (8th Cir. 2006) (citing *Evans v. Chavis,* 546 U.S. 189 (2006)) ("Although the district court assumed the motions were properly filed—presumably because the state trial court addressed the motions on their merits—the Supreme Court has since instructed federal courts to determine independently whether state court proceedings are timely, even if the state courts treat them as such.").

    C.    **Mr. Ortega Is Not Entitled to Equitable Tolling**.

The one-year limitation period for filing a § 2254 habeas petition may be equitably tolled if a petitioner demonstrates that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Ortega makes neither showing.

First, Mr. Ortega does not allege and makes no showing that he pursued his federal rights with reasonable diligence. He alleges that when he pleaded guilty, he did not realize the legal significance of his prior offense dates, but he does not say when he acquired that legal information. Nor does he assert that a reasonably diligent

7

petitioner could not have discovered that legal information in time to meet the AEDPA's one-year statute of limitations.

Second, Mr. Ortega does not allege any extraordinary circumstance that prevented him from filing his federal petition within the one-year limitation period. The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) ("Typically, a petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances."); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (holding that a pro se petitioner's misunderstanding of Arkansas rules and statutes do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner[,]" *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### D. Mr. Ortega Fails to Present "New Evidence" to Support a Gateway Claim of Actual Innocence.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the

AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare" and require that the petitioner: (1) present "new reliable evidence" that was not presented at trial; and (2) convince the district court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).

Mr. Ortega does not argue that his prior offense dates amount to "new reliable evidence" that was not within his personal knowledge or readily obtainable when he pleaded guilty. Instead, he states that he was unaware about the legal significance of his prior offense dates when he pleaded guilty, but the acquisition of legal knowledge does not qualify as new reliable evidence. See *Barnett v. Quintana,* No. 5:18-cv-00279, 2018 WL 7078579, at *12 (S.D.W. Va. Dec. 18, 2018), *adopted by*, 2019 WL 267731 (S.D.W. Va. Jan. 18, 2019) (observing that the discovery of legal arguments through research does not qualify as new evidence as required by the actual innocence exception); *Berrios v. United States*, 2017 WL 3880659, at *2 (E.D. Va., 2017) (rejecting that new legal theories qualify as new facts supporting a claim to toll the statute of limitations).

Because Mr. Ortega's argument is not based on any "new evidence," it is insufficient to bring him within the narrow definition of actual innocence. *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) ("Actual innocence means factual

innocence, not mere legal insufficiency.").

## IV. CONCLUSION

Mr. Ortega filed his petition for habeas corpus, at the earliest, on January 7, 2024, beyond the one-year limitation period that expired on December 22, 2023, and he has failed to demonstrate that he is entitled to statutory or equitable tolling or that actual innocence serves as a gateway to consideration of his federal claims.

IT IS THEREFORE RECOMMENDED that:

1. Petitioner Francisco Raul Ortega's § 2254 Petition for Writ of Habeas Corpus (*Doc. 2*) be DISMISSED with prejudice.

2. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[5]

Dated 22 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] A certificate of appealability should be denied because Mr. Ortega has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).